IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02153-BNB
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

TIMOTHY DOYLE YOUNG,

    Applicant,

v.

WARDEN BERKEBILE,

    Respondent.

## ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES

    Applicant, Timothy Doyle Young, is a prisoner in the custody of the Federal Bureau of Prisons who currently is incarcerated at ADX in Florence, Colorado.  On August 12, 2013, Mr. Young, acting *pro se*, initiated this action by filing a pleading titled, "Habeas Corpus."  Although Mr. Young as titled the pleading as a habeas corpus action and seeks restoration fo good time credits, the supporting facts address the conditions of his confinement.  Based on Mr. Young's request for restoration of good time credits, the Court finds Mr. Young is challenging the execution of his sentence and the action properly is filed pursuant to 28 U.S.C. § 2241.

    As part of the Court's review pursuant to D.C.COLO.LCivR 8.2, the Court has determined that the submitted documents are deficient as described in this Order.  Mr. Young will be directed to cure the following if he wishes to pursue his claims in this Court in this action.  Any papers that Mr. Young files in response to this Order must include the civil action number noted above in the caption of this Order.

To the extent that Mr. Young asserts he is unable to obtain Court-approved forms the Court will direct the Clerk of the Court to send the 28 U.S.C. § 2241 Court-approved forms to Mr. Young for use in filing in this action. Mr. Young, however, is reminded that "[t]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Generally, a federal prisoner's challenge to his conditions of confinement is cognizable under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991).

As for Mr. Young's ongoing claim that prison staff will not provide account statements to him, in *Young v. Wiley*, No. 07-cv-02240-BNB (D. Colo. Apr. 10, 2008), the BOP stated that if Mr. Young needs a certified account statement to provide to the Court he may make a photocopy of the statement or request that a member of the Unit Team make a copy for him. *See Young*, No. 07-cv-02240-BNB, Doc. No. 9 at 3. As the Court found in Case No. 07-cv-02240, Plaintiff's disagreement with or desire not to follow BOP procedures does not merit the Court waiving the requirement that he must provide a certified copy of his trust fund account statement to the Court.

Nonetheless, given the length of time since the Court's finding in Case No. 07-cv-02240, and the fact that Plaintiff states he has requested a trust fund account statement and was denied the statement, the Court will direct Respondent, or Respondent's identified representative, to submit a certified account statement to the Court in this action and to provide to the Court a statement regarding the procedure prisoners are to use to obtain certified account statements.

**28 U.S.C. § 1915 Motion and Affidavit**:

(1) __X__ is not submitted (Must use Court-approved form used in habeas actions)
(2) ___ is missing affidavit
(3) ___ is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4) __X__ is missing certificate showing current balance in prison account
(5) ___ is missing authorization to calculate and disburse filing fee payments
(6) ___ is missing an original signature by the prisoner
(7) ___ other:

**Complaint, Petition or Application**:
(8) ___ is not submitted
(9) __X__ is not on proper form (must use the Court's current form)
(10) ___ is missing an original signature by the prisoner
(11) ___ is missing page nos. ___
(12) ___ uses et al. instead of listing all parties in caption
(13) ___ names in caption do not match names in text
(14) ___ other:

Accordingly, it is

ORDERED that Mr. Young cure the deficiencies designated above **within thirty days** from the date of this Order. Any papers that Mr. Young files in response to this Order must include the civil action number on this Order. It is

FURTHER ORDERED that the Clerk of the Court send to Mr. Young the Court-approved 28 U.S.C. § 2241 Application form and the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Action form. It is

FURTHER ORDERED that if Mr. Young fails to complete and submit the proper Court-approved forms **within thirty days from the date of this Order** the action will be dismissed without further notice. It is

FURTHER ORDERED that Respondent, or other identified representative for Respondent, send a certified copy of Mr. Young's current balance in his account statement to the Court and that Respondent, or an identified representative, provide a statement regarding the procedure prisoners are to use to obtain certified account statements.

DATED: August 13, 2013, at Denver, Colorado.

BY THE COURT:

s/Boyd N. Boland
United States Magistrate Judge